Gregory **VALENTINE**, Appellant,

v.

Kristin **HORAN**, Appellee.

No. 2007–CA–002010–ME.

Court of Appeals of Kentucky.

Sept. 5, 2008.

Gregory Valentine, Beatyville, KY, pro se.

No brief for appellee.

Before: LAMBERT, STUMBO, and THOMPSON, Judges.

## OPINION

LAMBERT, Judge.

Greg Valentine appeals the entry of an emergency protective order (EPO) entered by the Jefferson Circuit Court on July 30, 2007, and a domestic violence order (DVO) entered on August 13, 2007. After careful review, we affirm.

On March 7, 2002, Greg was arrested and charged with kidnapping, rape in the first degree, assault in the second degree, terroristic threatening in the third degree, unlawful imprisonment, sexual abuse in the first degree, assault in the fourth degree, assault in the fourth degree/third or subsequent offense, and tampering with physical evidence. These charges were based on events that took place on the previous day, March 6, 2002, with his then live-in girlfriend, Kristin Horan. Apparently Greg and Kristin fought about financial matters, family problems, and problems within their relationship.

Ultimately, Greg was convicted of assault in the fourth degree and of two counts of sexual abuse in the first degree. At the conclusion of his trial, Greg filed a motion to vacate, in which he raised issues of Kristin's psychiatric treatment and emotional instability. Greg's motion was subsequently denied, and he is currently appealing his sentence via a Kentucky Rules of Criminal Procedure (RCr) 11.42 motion. Greg claims that he is investigating evidentiary matters associated with his trial and conviction and that accordingly, he filed an open records request with the Educational Professional Standards Board (EPSB) concerning Kristin. When Kristin found out about that request, she filed for the emergency protective orders at issue in this appeal.

A transcript of the hearing regarding the protective orders held on August 13, 2007, reflects that Kristin was afraid that Greg was trying to find out personal information about her due to his impending parole and/or the expiration of his eight-year sentence. She expressed fear that Greg would find out her current address and married name and fear that after approximately six years in prison, he would take some action to harm her once he was released. Based on the fact that the criminal charges against Greg arose from domestic violence, the judge signed the order of protection prohibiting Greg from gathering or attempting to gather any information regarding Kristin's address, employment, or personal data and from coming within 1000 feet of her. Greg now appeals the emergency protective order entered on July 30, 2007, and the protective order entered on August 13, 2007.

■ Kentucky Revised Statutes (KRS) 403.740 provides that if a court determines from a petition for an emergency order of protection that an immediate and present danger of domestic violence exists, the court shall issue, even ex parte, an emergency protective order. KRS 403.750 provides that a court may issue a domestic violence order, effective for up to three years, if after a hearing it finds "from a preponderance of the evidence that an act or acts of domestic violence and abuse

have occurred and may again occur[.]" KRS 403.720 defines domestic violence and abuse as including "physical injury, serious physical injury, sexual abuse, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, or assault between family members." The preponderance of the evidence standard is met when sufficient evidence establishes that the alleged victim "was more likely than not to have been a victim of domestic violence." *Commonwealth v. Anderson,* 934 S.W.2d 276, 278 (Ky.1996).

■ Given that the trial and subsequent conviction of assault and sexual abuse arose from domestic violence, we find the standards under KRS 403.740, KRS 403.750, and *Anderson* to be met. Kristin suffered physical injury and sexual abuse at the hands of Greg Valentine, and the evidence shows that she was more likely than not to have been a victim of domestic violence. The standard in a criminal case is more stringent than the preponderance of the evidence standard set forth in *Anderson.* Because Greg was found guilty beyond a reasonable doubt, we find that the evidence also shows Kristin more likely than not was the victim of domestic violence. Given that Greg will be out of prison shortly and is inquiring about Kristin after all these years, it is possible that domestic violence may again occur. Thus, the domestic violence protective order was appropriately entered.

■ Greg argues that KRS 403.740 requires that an adverse party be personally served and requires a full hearing. KRS 403.740(4) requires that a hearing take place before the expiration of the EPO. In the case at bar, a hearing was held on August 13, 2007, and both parties were afforded the opportunity to be heard. The record reflects transcripts of a hearing with Kristin and a separate telephonic hearing with Greg. Thus, KRS 403.740(4) is met. Assuming that Greg's assertions that he was not served with the petition and EPO are correct, we find the issue of notice and service to be moot, given the expiration of the EPO within fourteen days of its entry. On August 13, 2007, the trial court entered the DVO under KRS 403.750, which does not have the notice and service requirement set forth in KRS 403.740. Thus, any fault with the EPO and the alleged lack of service is additionally rendered moot by the subsequent DVO entered.

Accordingly, for the foregoing reasons, the Jefferson Circuit Court's entry of the DVO is hereby affirmed.

ALL CONCUR.